# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

STANLEY R. KINDER,

    Plaintiff,

v.                                         Case No. 4:16-cv-076-JVB-PRC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

## OPINION AND ORDER

Plaintiff Stanley R. Kinder seeks judicial review of the Social Security Commissioner's decision denying him disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the ALJ's decision.

**A.    Overview of the Case**

Plaintiff alleges that he became disabled on May 1, 2011. (R. at 24.) His date last insured is September 30, 2015. (R. at 64.) Plaintiff worked as an iron worker from 1999 to 2008, before aggravation of symptoms from congestive heart failure. (R. at 65.) Additionally, plaintiff was able to work as a dorm representative, a mostly sedentary position, during a period of incarceration from July 2011 until October 29, 2012 (R.at 68.) After hearing Mr. Kinder's claim for disability based on anxiety, back pain, and Level III heart failure, the Administrative Law Judge ("ALJ") found that plaintiff suffered from severe physical impairments relating to his heart disease. (R. at 24.) The ALJ did, however, find that a number of jobs existed which the plaintiff could perform. (R. at 43.) Based on a finding that other jobs exist which are within the

plaintiff's residual functional capacity, the ALJ denied the claimant's disability benefit request on March 13, 2015. (R. at 44.)

**B.    Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

**C.    Disability Standard**

To determine eligibility for disability benefits under the Social Security Act, the ALJ will perform a five-step inquiry:

> "(1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy."

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The burden of proof resides with the claimant for the first four steps, shifting to the Commissioner for determination of disability at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

2

**D.	Analysis**

Plaintiff argues that proper weight was not assigned by the Administrative Law Judge to the treating physician's findings.  Mr. Kinder's treating physician was Dr. Joyce Hubbard for most of his illness, including the period from November 2012 to February 26, 2014.  (R. at 38.)  During that period, Dr. Hubbard found that Mr. Kinder could sit for no more than four hours in an eight-hour work day and stand for no more than one hour.  (R. at 205.)

As the treating physician, Dr. Hubbard's opinion is entitled to controlling weight due to the greater duration and depth of the relationship between a treating physician and a long-term patient.

> "If a treating source's medical opinion on an issue of the nature and severity of an individual's impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, the adjudicator must give it controlling weight." SSR96-8p.

Here, the ALJ cites two reasons to discount Dr. Hubbard's opinion.  First, the ALJ suggests that Dr. Hubbard's findings are "unsupported by her previous treatment records."  (R. at 37.)  Second, the ALJ found that the consultative examining physician's findings did not support Dr. Hubbard's conclusions regarding Mr. Kinder's residual functional capacity (RFC).  (R. at 37.)

First, in declaring Dr. Hubbard's findings unsupported by her own records, the ALJ relied upon Mr. Kinder's office visit with Dr. Hubbard in November 2012 during which Dr. Hubbard stated Mr. Kinder was "doing well" and "had no complaints."  (R. at 36.)  A hopeful statement, however, such as "doing well" does not necessarily indicate a diagnosis which is inconsistent with Dr. Hubbard's overall findings.  *See Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008)

3

(finding that the statement that a patient was "doing quite well" was insufficient to accord little weight to the treating physician's opinion). Chronically ill patients may have good and bad days, and a statement that a patient is "doing well" should not be taken by itself as conclusive of inconsistency on the treating physician's part. *Id*. The third-party function report dated December 6, 2012, supports this interpretation as well, noting that Mr. Kinder experiences "good days and bad days." (R. at 310.) This is further supported by Dr. Hubbard's own comments at a later visit dated October 14, 2013 in which Dr. Hubbard's complete statement is:

> "Stanley seems to be doing okay right at the moment. However, he is in atrial flutter and will need to be cardioverted . . . He is obviously significantly limited by his heart disease . . . with recurrent bouts of arrhythmia and congestive heart failure."

(R. 1099-1100.)

From the record, then, Dr. Hubbard's assessment of "doing well" or "doing okay" are meant to be measures of Mr. Kinder's wellness relative to his disease's prognosis not a statement of overall health. A normal individual in atrial flutter would certainly not be considered "doing well" at that moment. For these reasons, Dr. Hubbard's assessment was not inconsistent and the statement that the claimant was "doing well" should not have been noted by the ALJ as a reason for awarding greater weight to the consultative examining physician's findings. (R. at 37.)

Second, the ALJ found that the consultative examining physician's findings did not support Dr. Hubbard's conclusions regarding Mr. Kinder's residual functional capacity (RFC). (R. at 37.) This inconsistency was then cited by the ALJ in assigning greater weight to the examining physician's recommendations rather than the treating physician as ordinarily required. (R. at 37.) SSR96-8p. The record, however, reflects that multiple physicians including Dr. Hubbard were in accord that Mr. Kinder suffers from Class III heart failure. (R. at 934, 1186.) At no point did any physician challenge or disagree with this conclusion. Therefore, the only

source of disagreement was the residual functional capacity consistent with a METS test score of 9.4 from 2009 (R. 713), but this disagreement ignores that Mr. Kinder's more recent METS score had decreased to a 7 in 2013 and had to be discontinued due to medical issues such as shortness of breath, coughing, and chest and leg pain. (R. 935.) These symptoms were noted by the physician administering the test as consistent with Dr. Hubbard's finding of Class III heart failure. (R. at 935.) Since the claimant's stated onset of disability is May 1, 2011, this decreasing METS score is consistent with a reduction in functional capacity from the time of the first test in 2009 to the time of the second test in 2013. Taken collectively, it cannot reasonably be said that the primary treating physician's opinion was "inconsistent with the other substantial evidence in the case record," SSR96-8p.

E.  Conclusion

The ALJ failed to accord proper weight to the treating physician's findings regarding Mr. Kinder's residual functional capacity. For this reason, the court remands the case for further consideration.

SO ORDERED on September 26, 2018.

 s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE