# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| STANLEY R. KINDER, )<br>   Plaintiff, )<br> )<br> v. )<br> )<br>ANDREW M. SAUL, Commissioner of the )<br>Social Security Administration, )<br>   Defendant. ) | CAUSE NO.: 4:16-CV-76-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Alter or Amend Judgment [DE 22], filed by the Commissioner of the Social Security Administration on October 5, 2018. Plaintiff Stanley R. Kinder filed a response on October 19, 2018. No reply was filed.

In the motion, the Commissioner asks the Court to alter the Judgment entered on September 27, 2018, and to affirm the Commissioner's decision to deny Plaintiff's applications for disability insurance benefits and supplemental security income.

The Commissioner's request is brought under Federal Rule of Civil Procedure 59(e). Relief is available under Rule 59(e) "only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

The Commissioner asserts that the Court, in its Opinion and Order reversing the Commissioner's decision, did not address the Commissioner's argument regarding the opinion of reviewing cardiologist Dr. Wenzler.

The Court reversed the Commissioner's decision and remanded this matter for further proceedings on the basis that the Administrative Law Judge (ALJ) did not properly weigh the opinion of Dr. Joyce Hubbard, Plaintiff's treating physician. (Op. & Order 5, ECF No. 20). The Court determined that the ALJ's stated reasons for not assigning controlling weight under the treating physician rule were insufficient. As the Court recounted in its order, the ALJ's reasons were that Dr. Hubbard's findings were unsupported by her previous treatment records and that the findings of consultative examining physician Dr. Stuart Knapp did not support Dr. Hubbard's opinion. The Court found that neither Dr. Hubbard's previous records nor the findings of Dr. Knapp were inconsistent with Dr. Hubbard's opinion.

The Court, having found that these reasons did not support the ALJ's decision to not apply the treating physician rule, determined that reversal and remand were necessary. Because the treating physician rule, if it applies, would mandate assignment of controlling weight to Dr. Hubbard's opinion, it was unnecessary for the Court to determine if other aspects of the record, including Dr. Wenzler's opinion, supported the ALJ's decision.

Nothing in the Commissioner's motion to reconsider argues that the Court committed a manifest error of fact or law in determining that the ALJ erred in applying the treating physician rule. Instead, the Commissioner assets that the Court did not address a matter that the Commissioner raised in the response brief on the merits. The Court did not address that matter because the ALJ mistaken analysis regarding the treating physician rule is outcome determinative.

On this issue, the Court has only found that the stated reasons for not giving the treating physician controlling weight do not support the conclusion. The Court makes no finding as to whether the treating physician rule should have applied or whether the ALJ could have properly decided to not apply the rule and to adopt the opinion of Dr. Wenzler over that of Dr. Hubbard. The Commissioner appears to argue that the Court should take up those matters here. However, the weighing of opinions is left to the ALJ. The question for the Court to resolve was whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). The Court determined that the ALJ improperly applied the treating physician rule and that the evidence cited by the ALJ did not support his decision, so the Court reversed on that basis. The Commissioner has not shown that reconsideration under Rule 59(e) is proper.

Therefore, the Court hereby **DENIES** Defendant's Motion to Alter or Amend Judgment [DE 22].

SO ORDERED on November 25, 2019.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT